LINK: 56

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. EDCV04-1395-GAF (SGLx) | Date September 6, 2005 |
| Title California Side By Side Soc'y v. City of Los Angeles | |

Present: The Honorable **GARY ALLEN FEESS**

| Marilynn Morris | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None    None

Proceedings:    (In Chambers)

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

### RULING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Plaintiffs, a group of firearm manufacturers, retailers, and enthusiasts, brought this suit against the City of Los Angeles (the "City" or "Defendant") to bar the enforcement of a local ordinance prohibiting the sale, transfer, offer for sale or display for sale of firearms between .50 and .60 caliber within the Los Angeles city limits. Plaintiffs sought a preliminary injunction, which the Court denied on all issues except two very narrow aspects of the ordinance. The Court enjoined: 1) the ordinance's regulation of a particular type of large caliber firearm – .50 BMG rifles – because sales and transfers of that particular weapon were comprehensively regulated by the state, and, therefore, local regulation was preempted; and 2) the ordinance's exception for peace officers, which violated equal protection. The remainder of the ordinance remained in force. However, the injunction dissolved six weeks after it was issued when an amended ordinance, which cured the defects, went into effect. In June 2005, Plaintiffs moved to dismiss their challenge to the ordinance. The Court granted the motion, retaining jurisdiction to resolve the question of attorney's fees.

Presently before the Court is Plaintiffs' motion for award of reasonable attorney's fees. The City opposes the motion on the ground that Plaintiffs do not qualify as a "prevailing party." The City also argues that, even if Plaintiffs are a prevailing party, the fee award, in view of Plaintiffs' "extensive failure" in obtaining relief, should be greatly reduced from the total billed fees of $163,809. Plaintiffs concede that their "success was, admittedly, limited," and that some reduction is therefore appropriate. However, Plaintiffs argue that because most of their work on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV04-1395-GAF (SGLx) | Date | September 6, 2005 |
| Title | California Side By Side Soc'y v. City of Los Angeles | | |

the unsuccessful challenges to the ordinance was "relevant" to their successful claims, the reduction should be "minimal."

The Court concludes that, under Ninth Circuit authority, Plaintiffs qualify as a prevailing party and are entitled to an award of attorney's fees. However, the Court rejects Plaintiffs' argument that the reduction of the total billed fees should be "minimal" because the effort expended by Plaintiffs' counsel on unsuccessful issues was so "interrelated" to the effort expended on the two narrow successful issues, that any attempt to distinguish one from the other would be "impracticable."

Fortunately, the Court need not engage in an "impracticable" line-by-line analysis of Plaintiffs' voluminous billing records to reach an equitable result. "[A] district court does not abuse its discretion when it resorts to a mathematical formula, even a crude one, to reduce the fee award to account for limited success." Schwarz v. Secretary of Health & Human Servs., 73 F.3d 895, 905 (9th Cir. 1995) (emphasis added). Here, Plaintiffs sought to permanently enjoin the entire ordinance, and thereby prevent the City from limiting their ability to sell, transfer, and offer for sale every type of large caliber firearm within the City limits. In contrast, what Plaintiffs achieved was a short-lived injunction against enforcement of the ordinance's exception for police officers, and its regulation of a single firearm – .50 BMG rifles. As discussed in more detail below, in view of the very limited quantum of success achieved by Plaintiffs, the Court determines that a significant reduction in the $163,809 fee claim is appropriate.

**A. Legal Standard**

"Section 1988 provides that in actions brought 'to enforce a provision of [42 U.S.C. § 1983]," the court in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee.'" Jensen v. San Jose, 806 F.2d 899, 900 (9th Cir. 1986) (quoting 42 U.S.C. § 1988). To be considered a prevailing party, "one must have obtained a 'judicial imprimatur' that alters the legal relationship of the parties, such as a judgment on the merits or a court-ordered consent decree." Watson v. County of Riverside, 300 F.3d 1092, 1096 (9th Cir. 2002) (quoting Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health, 532 U.S. 598, 600 (2001)). Like a consent decree or judgment, "[a] preliminary injunction issued by a judge carries all the "judicial imprimatur" necessary to satisfy [the prevailing party standard set forth in] Buckhannon." Id.

In "a case of a partial or limited success," like the instant case, a court must engage in a "two-step process for calculating attorney's fees." First, the court must consider "whether 'the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV04-1395-GAF (SGLx)                    Date  September 6, 2005

Title     California Side By Side Soc'y v. City of Los Angeles

plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "If unrelated, the final fee award may not include time expended on the unsuccessful claims." Schwarz, 73 F.3d at 901. Second, the court must consider "whether 'the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" Watson, 300 F.3d at 1096 (quoting Hensley, 461 U.S. at 434). "Deductions based on limited success are within the discretion of the district court." Id. (citing Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001)). "[A] district court does not abuse its discretion when it resorts to a mathematical formula, even a crude one, to reduce the fee award to account for limited success." Schwarz, 73 F.3d at 905 (9th Cir. 1995) (collecting cases upholding percentage reductions).

### B. Plaintiffs are a Prevailing Party

In the Ninth Circuit, "a plaintiff who succeeds in obtaining a preliminary injunction can be deemed a 'prevailing party' for purposes of [obtaining an attorney's fee award under] 42 U.S.C. § 1988, even though he did not recover other relief sought in the lawsuit." Watson, 300 F.3d at 1093. Nevertheless, the City argues that Plaintiffs are not a prevailing party here because Plaintiffs, unlike the plaintiff in Watson, received no benefit from the injunction they obtained. (Opp. at 10). The City contends that the injunction did not "materially alter the relationship between Plaintiffs and the City." (Id.); see also Watson, 300 F.3d at 1096 ( "one must have obtained a 'judicial imprimatur' that alters the legal relationship of the parties"). This argument is without merit. In this case, the City was "prohibited from [enforcing the unamended ordinance against the Plaintiffs with regard to .50 BMG rifles during the life of the injunction] for one reason and one reason only: because [this Court] said so." Id. at 1093. The same is true of the police officer exception. "There was nothing voluntary about the [City's] inability [to enforce the ordinance with regard to .50 BMG rifles or the exception for police officers during the period of the injunction]." Id. The injunction, however limited in time and scope, altered the legal relationship of the City and Plaintiffs.

As Watson acknowledged, Plaintiffs would not be a prevailing party if they "score[d] an early victory by securing a preliminary injunction, then los[t] on the merits as the case play[ed] out and judgment [was] entered against [them] – a case of winning a battle but losing the war." Id. at 1096. But, that is not what happened in this case. Plaintiffs' preliminary injunction was "not dissolved for lack of entitlement," but, like the injunction in Watson, was "rendered moot" when the amended ordinance took effect. Id.

LINK: 56

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV04-1395-GAF (SGLx) | Date | September 6, 2005 |
| Title | California Side By Side Soc'y v. City of Los Angeles | | |

The City argues that "Plaintiffs' claims were never rendered moot" because the "preliminary injunction was denied in all significant respects," and "Plaintiffs had for all practical purposes lost the case." (Opp. at 11). The City asserts "*[h]ad Plaintiffs not voluntarily dismissed the action* and allowed the case to 'play out,' the City would have been awarded judgment in their favor." (Opp. at 11) (emphasis added). Thus, the City concludes Plaintiffs not only lost the battle, but would have lost the war. (Id.).

But, of course, Plaintiffs *did* voluntarily dismiss – the case did not 'play out' with a judgment awarded to the City, and Plaintiffs did win an injunction, however limited. Moreover, that victory, though limited, was complete. The City may not now, or in the future, licitly reinstate the enjoined aspects of the ordinance. In other words, Plaintiffs left the battlefield after completely winning a very limited battle – and, thus, maintain their prevailing party status. While Plaintiffs' victory was very limited in time and scope, it is clear that the "prevailing party inquiry does not turn on the magnitude of the relief obtained. Although the size of the relief may impact the size of the eventual fee award, it does not affect eligibility for a fee award." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (internal quotation marks omitted).

### C. Plaintiffs' Limited Success Merits a Limited Fee Award
#### 1. Plaintiffs' Successful and Unsuccessful Claims are Related

As explained above, in determining an appropriate fee award where, as here, the prevailing plaintiff has achieved limited success, the first step is to determine whether the plaintiff spent time on unrelated claims that were unsuccessful, and exclude such time, if any, from the award. Schwarz, 73 F.3d at 901. Although there is "no certain method of determining when claims are 'related' or 'unrelated,'" one "benchmark" used by the Ninth Circuit is "whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised." Schwarz, 73 F.3d at 902-03 (internal quotation marks omitted). Here, Plaintiffs argue, and the City does not dispute, that their successful and unsuccessful claims are related because they all arise out of the same course of conduct – the City's enactment of the challenged ordinance. The Court agrees that the claims are related, and no reduction need be made for time spent on unrelated claims.

#### 2. Plaintiffs' Fees Must be Reduced in View of their Very Limited Success

The second inquiry "where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief," is whether the "results obtained" by the plaintiff justify a "fully compensatory fee" or something less. Hensley, 461 U.S. at 434-35 (internal quotation

Case 5:04-cv-01395-GAF-SGL Document 66 Filed 09/06/05 Page 5 of 5 Page ID #:82

**LINK:** 56

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    EDCV04-1395-GAF (SGLx)                                   Date    September 6, 2005

Title    <u>California Side By Side Soc'y v. City of Los Angeles</u>

marks omitted). If results are "excellent," a "fully compensatory fee" is indicated. <u>Id.</u> However, where "a plaintiff has achieved only partial or limited success," a full fee award "may be an excessive amount" (<u>id.</u> at 436), and this consideration[] . . . may lead the district court to adjust the fee . . . downward." <u>Id.</u> at 434. "Deductions based on limited success are within the discretion of the district court." <u>Watson</u>, 300 F.3d at 1096.

Plaintiffs concede that the Court may reduce the fee award in view of their limited success. However, Plaintiffs argue that the reduction should be "minimal" due to the "interrelatedness" of their claims. (Mot. at 11). This argument is answered by the Supreme Court in <u>Hensley</u>, which teaches that where success is "partial or limited," a fee based on the hours billed on the case as a whole may be excessive "even where the plaintiff's claims were *interrelated*, nonfrivolous, and raised in good faith." <u>Id.</u> at 436 (emphasis added). "[T]he most critical factor is the degree of success obtained." <u>Id.</u>

Plaintiffs admit their success was limited. In reality, Plaintiffs' success was extraordinarily limited indeed. Plaintiffs sought to take away the City's legal authority to enforce the ordinance in its entirety, thereby preventing the City from being able to limit Plaintiffs' ability to sell, transfer, and advertise all types of large caliber firearms within Los Angeles. The ordinance withstood Plaintiffs' wide-ranging challenge with the exception of two narrow, technical aspects. As a result of Plaintiffs' success, Police officers could no longer purchase large caliber firearms for personal use, and the sale and transfer of .50 BMG rifles would be subject only to the already comprehensive regulation imposed by state law during the limited life of the injunction. Every other aspect of the ordinance was upheld. The sale, transfer and advertising of every other large caliber firearm remained subject to the ordinance's restrictions within the City. This very limited success moved Plaintiffs only a hair's breadth closer to their intended goal of obtaining the right to transfer, sell, and offer for sale all large caliber firearms within Los Angeles free from the illicit (in their view) burden of municipal regulation.

In view of the very limited degree of success achieved by Plaintiffs in this case, a large scale reduction of the total fee, based on the over 500 hours billed on this case as a whole, is in order. Based on the small percentage of success, the Court determines that a reduction of 75% of the requested $163,809 fee is appropriate. <u>Schwarz.</u>, 73 F.3d at 905. Accordingly, the Court **GRANTS** Plaintiffs' motion for attorney's fees in the amount of $40,952.25.

IT IS SO ORDERED.